Ross Cornell, Esq.   (SBN 210413)
LAW OFFICES OF ROSS CORNELL, APC
Email:  *ross.law@me.com*
111 W. Ocean Blvd., Suite 400
Long Beach, CA  90802
Phone:  (562) 612-1708
Fax: (562) 394-9556

Attorney of Record for Plaintiff,
Misael Romero

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Misael Romero,<br><br>              Plaintiff,<br><br>       v.<br><br>Michael Butchko; West Riverside Veterinary Hospital and Does 1-10, inclusive,<br><br>              Defendants. | Case No. 5:17-cv-1552<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |

Plaintiff, Misael Romero, hereby complains and alleges as follows:

## NATURE OF THE ACTION

1.  This is an action seeking to remedy unlawful discrimination by the Defendants against the Plaintiff in the Defendants' place of public accommodation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA") and the Unruh Civil Rights Act, Civil Code § 51, *et seq.* (the "Unruh Act").

2. This lawsuit is necessary because a written pre-filing notice and opportunity to cure was sent to the Defendants via U.S. mail, because the Defendants did not resolve the Plaintiff's demands, and because the Defendants continue to maintain barriers in violation of the ADA and the Unruh Act as described herein.

## PARTIES

3. Plaintiff, Misael Romero, is a paraplegic resident of the state of California who requires the use of a wheelchair for mobility purposes, and is therefore a "disabled" person within the meaning of the ADA and California *Government Code* § 12926.

4. The business establishments at issue in this complaint discriminated against Plaintiff and prevented Plaintiff from enjoying fair and equal access thereto due to the existence of unlawful architectural barriers that violate the ADA as described in more detail herein.

5. Defendant, Michael Butchko, owns, operates, or leases real property located at 5498 Mission Blvd, Riverside, CA 92509, also known as Riverside County Assessor's Parcel No. 181-062-045 (the "Subject Property").

6. Defendant, West Riverside Veterinary Hospital, owns, operates, or leases real property located at the "Subject Property".

7. The Subject Property is a facility open to the general public, a public accommodation, and a business establishment insofar as it provides goods and/or services to the general public.

8. Defendant Does 1 through 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to the Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those Defendants.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant 28 U.S.C. §§ 1331 and 1343(a)(3) and (a)(4) for violations of the ADA.

10. This Court has supplemental jurisdiction over the state law claims alleged herein under the Unruh Act because the state law claim is an attendant and related cause of action that arises from the same nucleus of operative facts and arising out of the same transaction or occurrence as the federal law claims set forth herein.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) based on the fact that the real property that is the subject of this action is located in this district and the Plaintiff's causes of action arose in this district.

## STATEMENT OF FACTS

12. Parking spaces, accessible aisles, paths of travel, signage, doorways, service counters, seating areas and restroomsare among the facilities, privileges and advantages offered by the Defendants to patrons of the Subject Property.

-3-
**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

13. The Subject Property is not accessible to Plaintiff or similarly situated persons with mobility disabilities.

14. On information and belief, in May, 2017 and continuously from that time to the present, and currently, the Subject Property was not in compliance with the ADA:

    A.    The Subject Property lacks the minimum required number of ADA compliant accessible and van accessible parking spaces, in violation of the ADA;

    B.    There was no designated van accessible parking space with a corresponding 96" access aisle opposite the driver's side when the vehicle is going forward into the parking space and no sign or additional language stating "Van Accessible" below the symbol of accessibility located in a manner that is not obstructed in violation of the ADA;

    C.    The curb ramp flares are too steep and/or the curb ramps improperly extended into the access aisles, in violation of the ADA[1991 Standards § 406.5];

15. The Plaintiff personally encountered architectural barriers that constitute ADA violations at the Subject Property in May, 2017 and was denied full and equal access because of the violations.

16. From May, 2017 to the present, the Plaintiff has been deterred from the Subject Property because of his knowledge of the existence of barriers that violate the ADA.

17. The existence of access barriers and ADA violations at the Subject Property caused the Plaintiff difficulty, discomfort and/or embarrassment on particular occasionssinceMay, 2017.

-4-
**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

18. Plaintiff would like to return and patronize the Subject Property and the business establishments thereat and intends to do so but will be deterred from doing so until the violations are cured.

19. On information and belief, the violations identified above and those discovered in Plaintiff's expert inspection are readily achievable. The Department of Justice describes these kinds of barriers as presumptively readily achievable to remove and Plaintiff contends that the removal of them is easily accomplishable without much difficulty or expense. Likewise, even if strictly compliant barrier removal were not achievable, there are many kinds of alternative accommodations that could be made to provide a greater degree of accessibility to the Plaintiff and similarly situated persons with mobility disabilities.

20. On information and belief, Plaintiff alleges that the failure to remove barriers has been knowing, willful and intentional because:

    A.    The barriers described herein are clearly visible and tend to be obvious even to a casual observer;

    B.    Plaintiff provided written notice and an opportunity to cure and the Defendants responded by ignoring the violations and refusing to promptly remove barriers or create alternative accommodations;

    C.    The Defendants operate the Subject Property and have control over conditions thereat. They have, and have had, the means and ability to make the necessary remediation of access barriers if they had ever so intended.

21. Access barriers at the Subject Property are being consciously ignored by the Defendants; the Defendants have knowingly disregarded the ongoing duty to remove them in compliance with the ADA. Plaintiff alleges on

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

information and belief that there are other ADA violations and unlawful architectural barriers at the Subject Property that relate to his mobility disability.

22. Plaintiff hereby seeks to remediate and remove all barriers related to his disability, whether presently known or unknown. As the court held in *Doran v. 7-11. Inc.*, 506 F.3d 1191 (9th Cir. 2008):

> "[W]here a disabled person has Article III standing to bring a claim for injunctive relief under the ADA because of at least one alleged statutory violation of which he or she has knowledge and which deters access to, or full use and enjoyment of, a place of public accommodation, he or she may conduct discovery to determine what, if any, other barriers affecting his or her disability existed at the time he or she brought the claim. This list of barriers would then in total constitute the factual underpinnings of a single legal injury, namely, the failure to remove architectural barriers in violation of the ADA, which failure actually harmed the disabled person by deterring that disabled person from visiting a facility that otherwise would have been visited at a definite future time, yielding Article III standing."

23. The violations and references to code sections herein are not all-inclusive. Plaintiff will amend this complaint to provide a complete description of the full scope of ADA violations after conducting a comprehensive expert site inspection. For the purposes of this Complaint, Plaintiff asserts that the barriers alleged herein violate one or more of the ADA's implementing regulations.

**FIRST CAUSE OF ACTION**
Discrimination Based on Disability
[42 U.S.C. § 12101, *et seq*]
By Plaintiff against all Defendants

24. Plaintiff re-alleges and incorporates by reference as though fully set forth herein the allegations contained in all prior paragraphs of this complaint.

-6-
**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

25. The ADA obligates owners, operators, lessees and lessors of public accommodations to ensure that the privileges, advantages, accommodations, facilities, goods and services are offered fully and equally to persons with disabilities, including the Plaintiff and others similarly situated [42 U.S.C. § 12182(a)].

26. Discrimination is defined in the ADA, *inter alia*, as follows:

    A.    A failure to remove architectural barriers where such removal is readily achievable [42 U.S.C. § 12182(b)(2)(A)(iv)]. Barriers are identified and described in the Americans with Disabilities Act Accessibility Guidelines (the "ADAAG") [28 C.F.R. Part 36, Appendix "D"];

    B.    A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities [42 U.S.C. § 12183(a)(2)];

    C.    Where an entity can demonstrate that the removal of a barrier is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable [42 U.S.C. § 12182(b)(2)(A)(v)].

27. The ADA, the ADAAG's 1991 Standards (the "1991 Standards") and 2010 Standards (the "2010 Standards"), and the California Building Code (the "CBC") contain minimum standards that constitute legal

requirements regarding wheelchair accessibility at places of public accommodation:

  A. If parking spaces are provided for self-parking by employees or visitors, or both, then the subject property must provide at least the minimum required number of accessible parking spaces. Accessible parking spaces must be marked to define their width and must have an adjacent ADA compliant access aisle. Accessible parking spaces must be at least 96 inches wide and van parking spaces must be at least 132 inches wide except that van parking spaces can be 96 inches wide where the access aisle is not less than 96 inches wide [1991 Standards § 4.1.2(5); 2010 Standards § 208 and 502.2]. Here, the Subject Property does not comply with the ADA;

  B. One in every eight accessible spaces, but not less than one, must be served by a loading and unloading access aisle 96 inches (2438 mm) wide minimum placed on the side opposite the driver's side when the vehicle is going forward into the parking space and shall be designated van accessible. Van accessible spaces must have an additional sign or additional language stating "Van Accessible" below the symbol of accessibility. Signs identifying accessible parking spaces must be located so they cannot be obscured by a vehicle parked in the space[1991 Standards § 4.6; 2010 Standards §§ 502; CBC §§ 1129B.3 and B4];

  C. Curb rampsand the flared sides of curb rampsmust be located so that they do not project into vehicular traffic lanes, parking spaces, or parking access aisles. Curb ramp flares cannot be steeper than 1:10. Curb ramps at marked crossingsmust be wholly contained within the

markings, excluding any flared sides [1991 Standards § 4.7.5; 2010 Standards §§406.3 and 406.5];

28.  The Defendants have failed to comply with minimum ADA standards and have discriminated against the Plaintiff on the basis of his mobility disability.  Each of the barriers and accessibility violations set forth above is readily achievable to remove, is the result of an alteration that was completed without meeting minimum ADA standards, or could be easily remediated byimplementation of one or more available alternative accommodations. Accordingly, the Defendants have violated the ADA.

29.  The Defendants are obligated to maintain in operable working condition those features of the Subject Property's facilities and equipment that are required to be readily accessible to and usable by Plaintiff and similarly situated persons with disabilities [28 C.F.R. § 36.211(a)].  The Defendants failure to ensure that accessible facilities at the Subject Property were available and ready to be used by the Plaintiff violates the ADA.

30.  The Defendants have a duty to remove architectural barriers where readily achievable, to make alterations that are consistent with minimum ADA standards and to provide alternative accommodations where necessary to provide wheelchair access.  The Defendants benign neglect of these duties, together with their general apathy and indifference, violations the ADA.

31.  The Defendants wrongful conduct is continuing in that Defendants continue to deny full, fair and equal access to their business establishment and full, fair and equal accommodations, advantages,

facilities, privileges and services to Plaintiff as a disabled person due to Plaintiff's disability. The foregoing conduct constitutes unlawful discrimination against the Plaintiff and other mobility disabled persons who, like the Plaintiff, will benefit from an order that the Defendants remove barriers and improve access by complying with minimum ADA standards.

## SECOND CAUSE OF ACTION
Violations of the Unruh Rights Act
[Cal. *Civil Code*§ 51, *et seq.*]
By Plaintiff against all Defendants

32. Plaintiff re-alleges and incorporates by reference as though fully set forth herein the allegations contained in all prior paragraphs of this complaint.

33. The foregoing violations of the ADA constitute *per se* violations of the Unruh Act [Cal. *Civil Code*§ 51(f)].

34. Plaintiff is entitled to statutory damages because he was denied full and equal access to the Subject Property, because he personally encountered access barriers at the Subject Property that discriminated against him on the basis of his mobility disability, because he was deterred from accessing the Subject Property, and because the violations caused him difficulty, discomfort or embarrassment [Cal. *Civil Code* §§ 52 and 55.56].

35. Plaintiff was denied full and equal access to the Subject Property because he personally encountered ADA violations and was deterred from accessing the Subject Property on particular occasions due to his actual knowledge of ADA violations that prevented or reasonably

dissuaded him fromaccessing the Subject Property, which he intended to use on particular occasions and because the violations would have actually denied Plaintiff full and equal access if he had accessed the Subject Property on those particular occasions.

36.  Due to the unlawful discrimination set forth above, Plaintiff has been denied the right and entitlement to full and equal accommodations, advantages, facilities, privileges or services at the Subject Property in violation of the Unruh Act.

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays this Court award damages and provide relief as follows:

1. For injunctive relief compelling the Defendants to comply with the ADA and the Unruh Act. **Note**: Plaintiff is not invoking Cal. *Civil Code* § 55 and is not seeking relief under the Disabled Persons Act at all;

2. For damages under the Unruh Act, which provides for actual damages and a statutory minimum of $4,000 per incident of discrimination; and

3. For reasonable attorney's fees, litigation expenses and costs of suit pursuant to 42 U.S.C. § 12205 and Cal. *Civil Code* § 52.

Dated: July 31, 2017    LAW OFFICES OF ROSS CORNELL, APC


By:_____/s/ Ross Cornell_____
　　　Ross Cornell, Esq.,
　　　Attorneys for Plaintiff,
　　　MISAEL ROMERO